## NATHANIEL CHANDLER *et al. versus* ALMON BRAINARD.

Where a note made by fourteen promisors was taken up by four of them, who gave in satisfaction thereof their own joint and several negotiable note, it was *held* that this was such a payment as would enable the four to maintain an action for contribution against a co-promisor in the first note.

The new note having been received on the joint credit of the four, it was *held* that they ought to join in an action for contribution.

Where a deposition was taken by a justice of the peace who was the son-in-law of one of the parties in the action, but no fraud or partiality was alleged, it was *held* that the justice was not "interested in the event of the cause," within the meaning of *St.* 1797, *c.* 35, § 1, and that the deposition might be admitted in evidence.

The facts, that several persons associated together to run a line of stagecoaches, that they had a general meeting, and that debts were contracted on account of the company, do not prove a partnership as between themselves.

ASSUMPSIT. Trial before *Shaw* C. J. It appeared that fourteen persons, of whom Helaz Alvord, the defendant's intestate was one, gave their joint and several note, dated January 3, 1827, for $3000, payable to William Clark or order, in one year, and that it was indorsed by Clark. Chandler negotiated it on account of Clark, to Mary Belknap, who advanced the money for it. The plaintiffs, being four of the promisors, took up the note, under the circumstances hereafter stated, and brought this action for a contribution.

To prove payment by themselves the plaintiffs produced the deposition of Mary Belknap; which was objected to, on the ground that the magistrate who took it was not a disinterested and indifferent person, he being a son-in-law of one of the plaintiffs. The deposition was admitted *de bene esse*, for the purpose of reserving this objection.

By this deposition it appeared, that after the note became due, a new note, dated January 23, 1828, made by the four plaintiffs jointly and severally, for the like sum of $3000, payable to Mary Belknap or order, was received and accepted by her in full satisfaction of the first note; and that the note last made was still outstanding and unpaid.

It further appeared, that the signers of the first note, together with other persons, constituting a stagecoach company, met at Petersham at the time of its date; that Clark stated

Chandler
v.
Brainard.

to them, that the company was considerably in debt ; and that it was proposed to make a note to raise some money.  Clark stated that $ 3000 would be sufficient to pay those creditors who did not belong to the company, and the note was made for the purpose of raising money to pay them.  There were some members of the company present who refused to sign the note.  The proceeds of it were paid to various creditors of the company, but no part was paid to either of the plaintiffs.

On these facts judgment was to be rendered on nonsuit or default, or a new trial was to be granted, as the Court should direct.

*Sept. 28th,*
*1832.*

*A Brooks*, for the plaintiffs, cited to show that giving the second note was a payment of the first, *Barclay* v. *Gooch*, 2 Esp. R. 571 ; *Witherby* v. *Mann*, 11 Johns. R. 518 ; *Cornwall* v. *Gould*, 4 Pick. 444 ; that it was proper for the plaintiffs to bring a joint action, *Graham* v. *Robertson*, 2 T. R. 282 ; *Osborne* v. *Harper*, 5 East, 225 ; *Hill* v. *Tucker*, 1 Taunt. 7 ; that the deposition was admissible in evidence, *St.* 1797, *c.* 35, § 1 ; and that the members of the stagecoach company were not partners, and if they were, that the giving of these notes were not partnership transactions, 3 Stark. Evid (Metcalf's edit.) 1083 ; *Van Ness* v. *Forrest*, 8 Cranch, 30 *Hesketh* v. *Blanchard*, 4 East, 144 ; *Smith* v. *Barrow*, 2 T R. 476.

*Wells* and *Grennell*, for the defendant, said that an action for contribution depends not on contract, but on equity ; *Deering* v. *Winchelsea*, 2 Bos. & Pul. 270, and 1 Cox's Eq. R. 323 ; that although the giving of the second note was, for some purposes, a payment of the first, it was not such a payment as would entitle the plaintiffs to contribution ; *Maxwell* v *Jameson*, 2 Barn. & Ald. 161 ; 13 Petersdorff's Abr. 775, 776 ; that the note in suit being several as well as joint, each of the plaintiffs assumed to pay one-fourth part of it out of his own funds, and therefore, if giving this note was a payment, each ought to sue separately ; that the stagecoach company, being an association to effect a common object for their mutual benefit and to pay their common debts, was a copartnership, and the facts in the case did not prove any equity in favor of

the plaintiffs, for members who did not join in the note, may have paid other debts ; *Campbell* v. *Mesier*, 4 Johns. Ch. R. 334 ; *Craythorne* v. *Swinburne*, 14 Ves. 160 ; that one partner cannot maintain assumpsit against a copartner, unless a balance has been struck on a settlement of the partnership concerns, or unless the action itself will effect a settlement ; and that the deposition ought not to have been admitted, because the magistrate was not disinterested ; Declaration of Rights, art. 29 ; *Peacock's case*, 9 Co. 70 ; *Shaw* v. *Lindsey*, 15 Ves. 380 ; *Smith* v. *Smith*, 2 Greenl. 408 ; *Bean* v. *Quimby*, 5 N. Hamp. R. 94 ; *Bellows* v. *Pearson*, 19 Johns. R. 172 ; *Tweedy* v. *Picket*, 1 Day, 109.

*Per Curiam.* The defendant objects that the giving of the note in suit was not such a payment of the first note as will enable the plaintiffs to maintain an action for contribution. The general rule in this commonwealth is, that the taking of a negotiable note for a debt, is a payment ; and here it appears that the second note was received in full satisfaction of the previous note. The case of *Cornwall* v. *Gould*, 4 Pick. 444, is decisive on this point, against the defendant.

It is further objected, that the plaintiffs ought to have brought several actions. The general principle is, that where there is a joint interest in the plaintiffs, the action should be joint. Here the second note was joint and several, but it was received on the joint credit of the four plaintiffs ; and the case cannot be distinguished from that of *Osborne* v. *Harper*, 5 East, 225. This objection therefore is not sustained.

Another objection, and which deserves more consideration, is the one relating to the deposition. It appears that the magistrate by whom the deposition was taken, was the son-in-law of one of the plaintiffs ; and it is contended on behalf of the defendant, that one who is related to a party by consanguinity or affinity, is disqualified to act in such a case. On the one side it is said, that the act of the magistrate, in taking a deposition, is of a judicial character ; on the other, that it is ministerial However this may be, it is certain that he exercises a great deal of discretion, particularly where the witness is illiterate and uninformed. Cases were cited to show that a person thus related to one of the parties cannot

Chandler
*v.*
Brainard.

Sept. 29th,
1832.

Chandler
v.
Brainard.

sit as a judge in the trial of the cause ; but we think the question before us depends on our statute of 1797, c. 35, § 1, relating to depositions. The provision in this statute is, that a deposition " may be taken before any justice of the peace, not being of counsel or attorney to either party, or interested in the event of the cause." Here the magistrate was not of counsel nor attorney to either party ; and the question is, whether he was interested in the event of the cause. These words have a well settled meaning in the law ; they refer to such an interest as would disqualify a person to be a witness. We cannot presume that they were used in a different sense in this statute ; and when the legislature have said that a magistrate not thus disqualified may take a deposition, we cannot decide that he shall not exercise such power. The Court however have a discretion, in some respects, in regard to the admission of testimony, and if it were shown that fraud or partiality had been practised in taking a deposition, they would reject it. The relationship of the magistrate to one of the parties, would have some tendency to show partiality ; and much would depend on the nature of the testimony itself. The deposition under consideration details but a few facts, and the statement of the witness is corroborated by written evidence ; and although in general it is reprehensible in a magistrate, to take testimony in a cause, where he is nearly related to one of the parties, still we are of opinion that this deposition ought not to have been rejected. [See *Wood v. Cole*, 13 Pick. 279 ; *Coffin v. Jones*, 13 Pick. 441.]

We perceive no facts in the case tending to show a partnership, except that a number of persons formed an association to run a line of stagecoaches, that they had a general meeting, and that debts were contracted on their account ; but we think this is not sufficient evidence to prove a partnership. *Clark v. Reed*, 11 Pick. 450.

With respect to the damages, the plaintiffs are entitled to judgment against the defendant for one fourteenth part of the amount of the note which has been paid.

*Defendant defaulted.*